IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TALIAH WHITFIELD, | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | } Cause No. 4:13-CV-1979 SNLJ<br>} |
| DILLARDS DEPARTMENT STORE,<br>FELICIA REUM, LARRY BEERMAN,<br>DAVID BRENNAN, & JAMES BOWIE, | }<br>}<br>}<br>} |
| Defendants. | } |

## AMENDED COMPLAINT

COMES NOW Taliah Whitfield, by and through counsel, Rufus J. Tate, Jr., and for her Amended Complaint pursuant to Rule 15(1)(B) states the following:

*Parties*

1) Taliah Whitfield ("Plaintiff") was at all pertinent times herein an African-American customer of Dillards Department Store ("Dillards");

2) Defendant Felicia Reum ("Reum") was at all pertinent times herein a Caucasian-American Dillards' employee. She is sued in her individual capacity as well as her employee capacity under the doctrine of *respondeat superior*;

3) Defendant David Brennan ("Brennan") was at all times herein a Causcasian-American, City of Richmond Heights police officer working private duty as a Dillards' security officer. He is sued in his individual capacity and as a Dillards' employee;

1

4) Defendant James Bowie ("Bowie") was at all times herein a City of Richmond Heights police sergeant working private duty on the Dillards' security detail. He is sued in his individual capacity and as a Dillards' employee;

*Venue*

5) Venue is appropriate in this division because all acts and/or omissions complained of occurred herein;

*Subject-matter Jurisdiction*

6) This Court has subject-matter jurisdiction over the federal claims herein pursuant to 28 U.S.C. § 1343;

*Common Factual Allegations*

7) Prior to being ejected, manhandled, tased, forced to urinate on herself at Dillards Galleria, and jailed, Plaintiff was employed as a (substitute) school teacher;

8) On September 1, 2008, Plaintiff was waiting patiently in line at Reum's cash register to pay for the merchandise she desired;

9) Although Plaintiff had waited her turn, Reum took a Caucasian-American customer ahead of Plaintiff. Plaintiff had been waiting in line before the other customer ever arrived in line;

10) Because Reum preferred to handle the Caucasian-American customer ahead of Plaintiff, Plaintiff voiced her concern and respectfully requested to speak to Reum's manager;

11) Instead of summoning her manager, Reum summoned Dillards' privately-owned security detail;

12) When security officer Brennan arrived, Reum can be observed on video surveillance gently rubbing Brennan's back before sending him to eject Plaintiff from the premises;

13) Brennan did not attempt to arrest Plaintiff for any crime or infraction at any time while they were on the lower level;

14) Without any investigation of Plaintiff's concern about racial preferences, Brennan advised Plaintiff to leave Dillards;

15) Plaintiff complied with Brennan's order;

16) Brennan never announced Plaintiff was under arrest;

17) When Plaintiff exited the doors, two Dillards' security officers had physical control of each of Plaintiff's arms and had her facing against an exterior wall;

18) Firmly in the grasp of the officers, Plaintiff posed absolutely no danger to any one;

19) Regardless, Defendant Bowie tased Plaintiff in the back, temporarily disabling Plaintiff, causing her to fall to the ground and to urinate on herself;

20) Before he shot Plaintiff in the back, Bowie announced to the two officers firmly holding her his intent to discharge his taser, causing the officer to unhand the Plaintiff;

21) Neither Bowie nor any other security officer intervened to protect Plaintiff from an unnecessary shot in her back;

22) Brennan witnessed the entire incident, and heard Bowie announce his intent;

23) Beerman did not order Bowie to stand down or otherwise intervene to protect Plaintiff from being tased in her back;

24) Bowie ordered Plaintiff transported by ambulance to jail—not a hospital;

3

25) At the Richmond Heights' city jail, Brennan and Bowie first fabricated charges against Plaintiff of municipal ordinance violation(s): Disorderly conduct, Resisting Arrest, Assaulting Police Officer, and Failure to Comply;

26) Brennan and Bowie set or caused the bond to be set at $3,000 CASH—an extremely high amount in municipal court—believing that Plaintiff would remain jailed in Richmond Heights for several days to teach Plaintiff a lesson;

27) When Plaintiff's family posted the requisite bond, Brennan and Bowie concocted a new, exaggerated story, and applied for <u>felony</u> warrants with the Office of the St. Louis County Prosecuting Attorney;

28) At all pertinent times herein, an Assistant St. Louis County Prosecuting Attorney served as the municipal prosecutor for Richmond Heights.  That prosecutor, Steve O'Brien, did not order either Brennan or Bowie to request any FELONY charges against Plaintiff;

29) Bowie and Brennan applied for felony warrants with a prosecutor with less than 1 year of experience at that time;

<u>Count I</u>
<u>Deprivation of Contractual Rights</u>

Plaintiff incorporates by reference each of the foregoing factual allegations as though fully restated herein and for her claim of Deprivation of Contractual Rights pursuant to 42 U.S.C. § 1981 states the following:

30) Plaintiff was a member of a protected class:  African-American;

31) Plaintiff attempted to purchase Dillards' merchandise by standing in line at the cash register until it was her turn to pay;

4

32) Before Plaintiff reached the front of the line, Reum had taken other customers in the order in which they appeared in line;

33) In connection with her attempt to consummate her contractual relationship, Reum impaired or interfered with the contract by (i) passing over Plaintiff for a Causcasian-American who entered the line after Plaintiff and (ii) retaliating against Plaintiff for threatening to tell Reum's manager of her racial preferences by causing Brennan and others to make an example of Plaintiff by manhandling her in front of other Caucasian-American and African-American patrons;

34) Reum retaliated against Plaintiff by summoning security and concocting a story of racial divisiveness in an attempted to have Plaintiff ejected from Dillards before Plaintiff could speak with Reum's manager;

35) Reum attempted to chill Plaintiff's First Amendment right to complain to management by suppressing any opportunity for Plaintiff to communicate with Dillards' management, and to ensure that neither Plaintiff nor any other African-American would ever contemplate complaining about Reum taking a Caucasian-American customer ahead of Plaintiff;

36) Reum unilaterally prevented Plaintiff from ever completing her purchase transaction by summoning Brennan;

37) Brennan ensured that Plaintiff could not complete her purchase transaction by not only ejecting Plaintiff but also by fabricating false and unnecessary criminal charges against Plaintiff;

5

38) Reum and Brennan caused Plaintiff to suffer injury, including but not limited to job loss at Normandy School District, lost wages, pain, humiliation, embarrassment, attorney's fees in collateral litigation, and emotional distress;

39) Exemplary damages are necessary and appropriate because Defendants' misconduct warrants punishment sufficient to deter them and their colleagues from engaging in similar misconduct in the future;

40) At all pertinent times herein, Reum acted within the course and scope of her employment with Dillards, and acted to further Dillards' business interests;

41) At all pertinent times herein, Brennan acted within the course and scope of his employment with Dillards, and acted to further Dillards' business interests;

42) At all pertinent times herein, Brennan acted as an agent for Reum and to further further Reum's interests;

For the foregoing reasons, Plaintiff respectfully requests judgment in her favor and against Reum, Brennan, and Dillards, jointly and severally, for compensatory damages, exemplary damages, interest, attorney's fees, costs, and whatever other relief this Court deems necessary and appropriate.

Count II
1983 Excessive Force

Plaintiff incorporates by reference each of the foregoing factual allegations as though fully restated herein and for her claim of Excessive Force pursuant to 42 U.S.C. § 1983 states the following:

43) At all pertinent times herein, the Fourth Amendment protected Plaintiff's constitutional rights against unreasonable seizures and excessive force;

44) At all pertinent times herein, the Fourteenth Amendment extended the aforementioned constitutional protections to actions by municipal Richmond Heights officers and/or those acting in concert with them;

45) Bowie's tasing of Plaintiff in her back violated Plaintiff's constitutional rights because such force was unnecessary and unjustified because Plaintiff was in the grips of two other security officers before he tased Plaintiff, and Plaintiff's back was to each security officer;

46) Plaintiff did not consent to being tased in the back;

47) Bowie has no discretion under law to tase anyone in the back who did not first pose an imminent threat of serious physical injury to himself or others;

48) Assuming Plaintiff was under arrest at the time Bowie tased Plaintiff,

   a. Not even Brennan believed that the circumstances leading to Plaintiff's ejectment warranted criminal charges; and

   b. Plaintiff was under arrest for invoking her First Amendment Right to speak with Reum's manager;

49) Bowie's tasing of Plaintiff served no legitimate law enforcement purpose because Bowie opted to use a weapon against an unarmed woman in the grasp of other officers;

50) Neither Bowie nor Brennan have ever shot any Caucasian-American male or female in the back with a taser;

51) Bowie would not have shot Plaintiff in the back but for Brennan's misguided effort to arrest Plaintiff for Reum's purposes;

7

52) At all pertinent times herein, Brennan acted within the course and scope of his employment with Dillards, and acted to further Dillards' business interests;

53) At all pertinent times herein, Brennan acted as an agent for Reum and to further Reum's interests;

54) At all pertinent times herein, Bowie acted within the course and scope of his employment with Dillards, and acted to further Dillards' business interests;

55) At all pertinent times herein, Bowie acted as an agent for Brennan and to further Brennan's interests;

56) At all pertinent times herein, Brennan and Bowie acted under color of law;

For the foregoing reasons, Plaintiff respectfully requests judgment in her favor and against Reum, Bowie, Brennan and Dillards, jointly and severally, for compensatory damages, exemplary damages, interest, attorney's fees, costs, and whatever other relief this Court deems necessary and appropriate.

## Count III
## Failure to Protect

Plaintiff incorporates by reference each of the foregoing factual allegations as though fully restated herein and for her claim of Failure to Protect or Intervene pursuant to 42 U.S.C. § 1983 states the following:

57) The aforementioned constitutional provisions simultaneously compelled Brennan and the other officers to protect Plaintiff against Bowie's unjustified, known intent to tase Plaintiff in the back;

58) Brennan heard Bowie announce his intent to tase Plaintiff in her back, and did not intervene or order Bowie to cease and desist;

8

59) Based upon his prior training, Brennan knew that tasing Plaintiff in the back was unreasonable under the circumstances;

60) At all pertinent times herein, Brennan acted within the course and scope of his employment with Dillards, and acted to further Dillards' business interests;

61) At all pertinent times herein, Brennan acted as an agent for Reum and to further Reum's interests.

For the foregoing reasons, Plaintiff respectfully requests judgment in her favor and against Reum, Brennan, and Dillards, jointly and severally, for compensatory damages, exemplary damages, interest, attorney's fees, costs, and whatever other relief this Court deems necessary and appropriate.

Respectfully submitted,

THE TATE LAW FIRM, LLC

/s/ Rufus J. Tate, Jr.
Rufus J. Tate, Jr. 46993
7751 Carondelet Avenue
Clayton, MO 63105
314.726.6495 Office
314.726.0424 Fax
tatelawfirm@gmail.com
*Counsel for Plaintiff Taliah Whitfield*