UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TALIAH WHITFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13CV1979 SNLJ |
| ) | |
| DILLARDS DEPARTMENT STORE, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Dillard's Inc.'s Motion to Compel Rule 26 Disclosures. Plaintiff has failed to respond to the motion, and the deadline for responding has passed.

Defendant Dillard's Inc. (Dillard's) states that plaintiff has failed to comply with her discovery obligations in that she has not served her initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), which were due on March 28, 2014 in accordance with the Case Management Order. Counsel for co-defendants Brennan and Bowie attempted to resolve the matter by contacting plaintiff's counsel on April 24, 2014 and June 9, 2014, but plaintiff continues to fail to make the required disclosures.

"If a party fails to make a disclosure required by Rule 26(a) any other party may move to compel disclosure and for appropriate sanctions." Fed.R.Civ.P. 37(a)(2). The Court will compel the plaintiff to serve her Rule 26(a)(1) disclosures on all defendants. Plaintiff's failure to meet her discovery obligations — and, indeed, her failure to respond at all to this motion — is troubling. The Court is mindful that Rule 41(b) permits a court

to dismiss a cause of action with prejudice "for a failure of a plaintiff to prosecute or comply with these rules or any court order." Dismissal with prejudice is warranted "only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Arnold v. ADT Sec. Services., Inc.*, 627 F.3d 716, 722-23 (8th Cir. 2010).

Dillard's requests its attorney's fees and costs associated with this motion. Upon granting a motion to compel, Rule 37(a)(5)(A), authorizes the Court to award "reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A); *E.E.O.C. v. McConnell*, 4:12CV1498 JAR, 2013 WL 1867580, at *1 (E.D. Mo. May 3, 2013). "The party seeking litigation fees bears the burden to provide 'evidence of the hours worked and the rate claimed.'" *E.E.O.C. v. McConnell*, at *2 (quoting *Saint Louis University v. Meyer*, 4:07CV1733 CEJ, 2009 WL 482664, at *1 (E.D. Mo. Feb. 25, 2009)). The Court will consider awarding reasonable attorney's fees and expenses incurred in making this motion and will permit Dillard's counsel to submit verified documentation of the expenses and attorney's fees incurred. Plaintiff may file a written response to be heard on the matter.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dillard's Inc.'s Motion to Compel (ECF #25) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall serve her Rule 26(a)(1) disclosures on all defendants within seven days.

**IT IS FURTHER ORDERED** that plaintiff shall promptly notify the Court that she has complied with this order. Failure to comply may result in sanctions, including dismissal of this action.

**IT IS FINALLY ORDERED** that defendant Dillard's Inc. is granted seven days to submit verified documentation in support of its request for attorney's fees and costs associated with the filing of the motion to compel. Plaintiff shall have seven days thereafter to file a response.

Dated this 28th day of July, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE